CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2019 OCT 17 PM 4:07

GLENN CASEY PORTWOOD,

      PLAINTIFF

vs

STATE OF TEXAS; COUNTY OF FORT BEND;
FORT BEND COUNTY JAIL; TROY NEHLS,
COUNTY SHERIFF; CORRECTIONAL CARE
SOLUTIONS (CCS); DR. KAHN; NURSE
DAMER; et. al., in their individual
and professional capacities;

      DEFENDANT(s)

§
§
§
§
§
§
§
§
§
§
§
§

C I V I L   C O M P L A I N T

_____

JURY TRIAL DEMANDED

3-19CV-2460 E

## CIVIL COMPLAINT
### FILED UNDER FORMAL PETITION SEEKING SUMMARY JUDGMENT
### CITING ACTS OF MEDICAL NEGLIGENCE AND DELIBERATE INDIFFERENCE
### ALL IN NAMING DAMAGES FROM PHYSICAL, EMOTIONAL, AND PSYCHOLOGICAL TRAUMA

COMES NOW, GLENN CASEY PORTWOOD, PLAINTIFF, (hereafter "PORTWOOD"), and as more formally represented in propria personam, sui juris, and acting on his own behalf, and as his own legal counsel, hereby moves this Honorable Court toward GRANT of SUMMARY JUDGMENT FOR THE PLAINTIFF, and an ORDER to MOVE TO JURY TRIAL, upon this Civil Action and Complaint, to which, Plaintiff suffered significant physical, emotional, and psychological Damages following a series of medical negligence and medical malpractice acts that include malfeasance, misfeasance, and Deliberate Indifference, and all associated with the administration of care described herein as below the standard of professional practices, and further, violating this Plaintiff's Constitutional Rights while under the bondage of incarceration, and specifically, his Eighth Amendment, as further prescribed within the landmark case; **Bivens vs Six Unknown Agents of the Federal Bureau of Narcotics, 403, U.S., 388, 29, L.Ed., 2nd. 619**, whereupon, Plaintiff, on October 15, 2017, while under the care of Nurse Damer and Dr. Kahn of Correctionald Care Solutions (CCS), and while housed as an inmate within the Fort Bend County Jail under the bondage of Sheriff Troy Nehls representing Fort Bend County,  and the State of Texas, negligently and with Deliberate Indifference, administered an insulin dose equal to Ten (10) times the prescribed dose (65 Units of "R" Fast-Acting Novalog)  resulting in emergency care and imminent death without outside intervention, all resulting in significant Damages. An accompanying memorandum of law shall be included contemporaneously herewith.  May this Honorable Court move to Jury Trial..........SO SHALL IT BE PRAYED.

IT SHALL FURTHER STAND THAT;


This Honorable Court shall maintain venue as true and correct and in accordance with Title 28 U.S.C. Section(s) §§1391(a)(2) and (b) as prescribed. That such venue, like Jurisdictional Significance as prescribed under Title 28 U.S.C. shall also comply with Section(s) §§ 1343(a)(1) and (a)(2) and (a)(3) and (a)(4), and also Title 28 U.S.C. Section(s) §§ 2401(b) as 1271-2680 et. seq.,

In cases of Civil Proceeding, any matter that may arise pursuant to Title 42 U.S.C. Section §1983 shall stand as a formal remedy under color of law toward all rights guaranteed by and through the Eighth Amendment and the Fourth Amendment. That such Venue properly lies within the District pursuant to Title 28 U.S.C. as Section§1391(b)(2) all as a result of events giving rise to this Cause of Action and that such Action shall meet jurisdictional requirement for the federal government and for the United States District Court for the Northern District of Texas.

FINDINGS OF FACT

LET ALL MEN KNOW BY THESE PRESENTS THAT;

I, Glenn Casey Portwood, Plaintiff, as represented in propria personam, sui juris, and acting on my own behalf, and as my own legal counsel, hereby, attest, affirm, and aver that the following Findings of Fact shall stand as true and correct, and shall be placed before this Honorable Court in request of Summary Judgment on behalf of the Plaintiff, and that all such presentments shall be made with umberrima fidae, in good faith and with proper and appropriate intention toward consideration for final adjudication and Order to move to Jury Trial.

WHEREAS;

1.  Plaintiff avers that he is a flesh and blood adult male, currently mandated to the authority of the Federal Bureau of Prisons, and residing at Federal Correctional Institution, Seagoville, Texas for a term of imprisonment under the auspices of the Federal Government for unrelated charges to this cause.

2.  Plaintiff avers that this Honorable Court maintains sufficient coram judice, including, personal and subject matter jurisdiction as defined herein, and subsequent to Title 18 U.S.C. Section § 3731, with venue further prescribed as true and correct in the establishment of appropriate jurisdiction and having jurisdictional significance by divesting all other courts of their control thereof.

3.  Plaintiff avers that he has successfully placed Process of Service of said Complaint upon the named Defendant(s) listed in the above-styled Petition, and that Certificate of Service shall provide substantiation that such service was forwarded through the United States Postal Service via First Class Mail, all as timely and verified under official postal certification and return receipt as legal standing.

4.  Plaintiff avers that, under penalty of perjury, the proceeding Complaint shall meet all of the conditions set forth and prescribed as pursuant to Title 28 U.S.C. Section § 1746 under the terms of unsworn declaration, to which, such formal signature shall stand as Affiant's decree in witness knowing the laws and the penalties of bearing false statements before my creator and fellow man, all in accordance with declaration §§ 1731 - 1960 et. seq.

LET THIS HONORABLE COURT TAKE NOTICE THAT;

      I, Glenn Casey Portwood, hereby affirm and attest that I am, by legal standing, a "flesh and blood" adult male "PERSON" for purpose of prescribed definition in accordance with the Federal Rules of Civil Procedure and Title 42 U.S.C. Section §1983, to which, as an individual, and in representation of my own interests as a Pro-se litigant, this filing shall comply with the Color of the Law, so not to deprive this Plaintiff of his Constitutional Rights as set forth, by and through Civil Proceedings in Due Process of the United States of America.

IT SHALL STAND THAT;

                              Glenn Casey Portwood,  as named herein, and under
unsworn Declaration, affirms and attests that he has not filed any formal or any
offical Complaint or Action in seeking Damages through means of Civil Litigation
involving these same or similar facts, issues, circumstances, or representations,
which resulted in said, Fort Bend County Jail under CCS care, alleging deliberate
indifference of the named Defendant(s) to this cause, all as further enumerated
herein.

               FURTHER AFFIANT SAYETH NAUGHT:

                                       X _____
                                  Glenn Casey Portwood,   Plaintiff

LET THIS HONORABLE COURT REFER TO;


Bivens vs Unknown Federal Narcotics Agents, 403, U.S., 388, 29,
L.Ed., 2nd., 619, 91, S.Ct.,   (1999)


As provided, this Plaintiff shall rely upon the relief provided by and through a
Bivens claim in accordance with Section 1983, and as recognized by the Fifth Circuit,
to which, prison officials representing the State rather than the Federal Government,
violated the inmate's Constitutional Rights, and specifically, his Eighth Amendment
Rights.  See; Eltayib vs Cornell Corp. 533 F.Appx. 414-15, 2013, and also see; Abate
vs Southern Pacific Transp. Co. 993 F.2d 107, 112 n. 14 (1993).

It shall further stand that, the Eighth Amendment's prohibition against "cruel and
unusual punishment" may arise out of acts associated with Deliberate Indifference,
and where such indifference results in the potentiality of a serious medical need.
See; Wilson vs Seiter, 501 U.S. 294, 297, 303, 111, S.Ct. 2321, 115 L.Ed. 2d 271.
Such acts, as described herein and upon the indifference of the medical staff,
provides clear evidence of a wanton disregard for proper and professional medical
care, and shall rise above mere acts of negligence, medical malpractice, malfeasance,
misfeasance, and sheer mistake or mis-administration of a pharmaceutical dose.  Such
acts described herein shall meet the standard for Deliberate Indifference, and a
resultant cruel and unusual punishment which produced significant physical and
psychological damage as a qualifing precedence.  See; Estelle vs Gamble, 429, U.S.
97, 104, 97 S.Ct., 285, 50 L.Ed. 2d 251 (1976).

Finally, a Bivens claim must be premised upon the personal involvement of the named
defendants, and outside of a mere accusation of "respondeat superior".  Rather, such
involvement resulted in a violation of an individual's Constitutional Right to proper
and appropriate medical care in accordance with professional standards and practices.
See; Martikean vs U.S. 2012 U.S. Dist. LEXIS 77034, 2012 WL 1986919 (2012).

FORMAL COUNTS AS NAMED;

MAY THIS HONORABLE COURT ACCEPT COMPLAINT UNDER "BIVENS";

## COUNT 1

A.  Plaintiff has suffered serious and debilitating "Physical" Damages, including, severe dizziness, aches, pain, lethargy, profuse sweating, digestive problems, headaches, blurred vision, tunnel vision, and vertigo, and all resulting from the negligent actions and deliberate indifference of the named Defendant(s).

B.  Plaintiff avers that the actions of the Defendant(s) in their individual and their professional capacities, has risen to a level of wanton and egregious.

C.  Plaintiff affirms that the actions of the Defendant(s) shall qualify as failing to meet the standards and practices of a professional in the capacity as nurse, caregiver, medical professional, physician, custodial, and law enforcement, and that such breach of standards shall stand as the immediate and direct cause associated with the named Damages herewith.

## COUNT 2

D.  Plaintiff re-alleges paragraphs A, B, C, and Count 1 herein;

E.  Plaintiff has suffered serious and debilitating "Psychological" Damages, including, anxiety, stress, depression, sleep deprivation, night sweats, fear of medical care, paranoia, nightmares, and Post Traumatic Stress Disorder (PTSD), and all resulting from the negligent actions and deliberate indifference of the named Defendant(s).

F.  Plaintiff avers that the actions of the Defendant(s) in their individual and professional capacities as risen to a level of wanton and egregious.

G.  Plaintiff affirms that the actions of the Defendant(s) shall qualify as failing to meet the standards and practices of a professional in their capacity, and that such breach, of standards is the direct cause of named Damages herein.

**COUNT 3**

    H.  Plaintiff re-alleges parapraphs A, B, C, D, E, F, G, and Counts 1 and 2;

    I.  Plaintiff avers that, while under the bondage of incarceration as a custodial inmate within the Fort Bend County Jail, he shall have certain inalienable rights afforded him, including, his Constitutional Rights under the Eighth Amendment, to which, he has been deprived his right to reasonable and competent medical care, and that such deprivation of his Eighth Amendment Rights shall immediately qualify the Plaintiff to move to a Civil Proceeding where no other remedy has proven satisfactory.

    J.  Plaintiff avers that he has been violated his Due Process rights upon the Fort Bend County Jail and its caregivers failing to provide an Administrative Remedy Process or any internal or legal means by which to recover said Damages.

FORMAL AFFIDAVIT

**LET ALL MEN KNOW BY THESE PRESENTS THAT;**

I, Glenn Casey Portwood, Plaintiff, hereby affirm, attest, and aver, that, on October 15, 2017, at approximately 3:35 AM, and upon being awakened to receive my standard Insulin injection while held within the Fort Bend County Jail, and under the care on Nurse Damer and Dr. Kahn, both representing Correctional Care Solutions (CCS), and with only Nurse Damer present, and in the purview of the on-duty Correctional Officer and Inmate Perez, who was also awaiting an insulin injection, I suffered Medical Negligence, Medical Malpractice, and Deliberate Indifference at the hands of this medical professional.

In brief, I was prescribed and anticipated the "usual" administrative dose of Insulin equal to 65 Units of the "long-term" formulary of NPH based on 113 score, instead, this medical practicioner administered a 65 Unit dose of "Fast-Acting" "R" formulary or Novalog, which would only be administered to those with a score of 201-250, and only in a dose equal to no more than 3-4 Units. The dose administered to me under Deliberate Indifference shall stand as a "lethal dose". I then, upon noticing the formulary label on the vial, realized that the formulary was of the "R" toxicity, and I immediately warned the nurse not to administer this dosage to patient Perez behind me. I then demanded to see a physician and/or be taken immediately to an Emergency Room at an outside hospital. Upon such notification, a physician on duty was notified, and subsequently prescribed an immediate "saline/glucose" IV solution, to which, the prison determined that they were out of any such IV, thus further endangering my survival.

At the moment of injection, I immediately began to experience physical debilitation and loss of function. All organs in my body were shutting down, I was experiencing brain disfunction, and I was overwhelmed with fear that I would soon be dead. I have since suffered significant physical challenges and psychological stress as PTSD that will deprive me, the rest of my life, of liberty, freedom, and a normal lifestyle.

AS EXECUTED ON THIS DATE: 10/08 ____, 2019

FURTHER AFFIANT SAYETH NAUGHT: X_____
                          GLENN CASEY PORTWOOD,   AFFIANT

It shall stand, as a matter of civil law, that a claim for Damages based solely on mental or emotional injury may not meet a condition as cognizable absent a showing of actual physical injury, to which, this Plaintiff has suffered. See; Title 41 U.S.C. §1997e(c). Although the statute does not clearly define that which may constitute "physical injury", the Fifth Circuit had held that the injury must be "more than de minimus." Again, the physical ailments and ongoing debilitation suffered by the Plaintiff, exceeds that of a "de minimus" claim. See; Siglar vs Hightower, 112 F.3rd 191, 193 (5th Cir. 1997), also see; Gomez vs Chandler, 163, F.3rd., 921, 924 (5th Cir. 1999). Such physical injuries meet the threshold for reasonable Damages precisely because they have been substantiated by the Defendant(s).

With regard to meeting the conditions set forth to achieve an award of Summary Judgment, the court must "construe all facts and inferences in the light most favorable to the "non-moving" party." However, that same court must also give deference to the indisputable events and actions of that same non-moving party, where such actions or inactions may be clearly acknowledged from the facts of the case. In the instant case, it is clear that the Plaintiff received an incorrect (lethal) dose of medication from the non-moving party. It is also clear from the facts of the case that the Plaintiff's body began the process of "shutting down", and organs began to fail. Finally, the facts show that the non-moving party failed to provide proper intervention because its saline/glucose IV was "out of stock", thus requiring the need to call an ambulance and an independent hospital to save the Plaintiff's life. None of these facts would qualify as "conclusory allegations, denials, speculation, improbable inferences, or unsubstantiated assertions, and as such, may stand as having met the necessary conditions to move the Plaintiff's case to Trial by Jury. See; Jones vs Lowndes County, 678 F3rd., 344, 348 (5th Cir. 2012).

Another likely attempt by the Defendant(s) to avoid legal action, will involve the unsupported use of the Doctrine of Qualified Immunity. This defense only shields the government from civil damages except in those instances where an official clearly violated a statutory or constitutional right that was established at the time of the conduct under challenge. Therefore, in review of the actions and inactions of Nurse Damer and Dr. Kahn, then the failure of the medical contractor, Correctional Care Solutions (CCS) and the County Jail to have no life-saving saline/glucose IV in stock, all such failings meet the conditions necessary to violate the Plaintiff's Eighth Amendment Rights; a constitutional issue. See; Taylor vs Barkes, 135 S.Ct. 2042, 2044, 192 L.Ed. 2nd 78 (2015).

The evaluation of this Eighth Amendment infraction clearly shows that a defense of Qualified Immunity would not stand.  In fact, the requirements for qualified immunity as a defense involve the court's inquiry into the two-prong conditional.  First, the defendant's actions or inactions must violate a determined constitutional right, and in this case, the Eighth Amendment right.  That condition is clearly established in that the Plaintiff is assured, by the Constitution, to reasonable and adequate medical care, yet the act of administering a lethal dose of a medication, falls far below "reasonable or adequate medical care."  Second, the court must inquire under prong two, "if the actions or inactions are protected under an veil of immunity, to which, the answer is clear.  Selecting the wrong insulin, injecting the wrong dose, attempting to repeat the same action on the next patient in line, then failing to have on hand or in stock, the necessary resources of saline/glucose to save a patient's life, all exceed the threshold for civil action, and each individually, or all together, eliminate the defense for Qualifed Immunity.  See; Hampton Company National Surety vs Tunica County, 543 F.3rd., 221, 225 (5th Cir. 2008), also see; Freeman vs Gore, 483, F3rd., 404, 410, 411 (5th Cir. 2007).

The case for Damages in this instance, is premised upon acts of Deliberate Indifference, whereupon, a standard for such acqusation must qualify as "extremely high" and reach beyond mere negligent failure to protect an inmate from harm."  In this case, it shall stand that the officials (Defendants) were trained professionals with the skill set and knowledge to properly review, evaluate, and control the medications under their care and domain.  The statute reads that; "the official must understand the substantial risk or serious harm [in their actions or inactions] then disregard that risk by failing to take reasonable measures to abate such risk."  It would then fit the definition of Deliberate Indifference for a licensed and trained medical professional responsible for handling lethal medications, to first review (read) the vial selected, compare such formulary with the inmate's chart, acknowledge the number of Units both prescribed, and under contraindication as potentially lethal, prior to administration.  Then to have carried out this same indifference with the very next patient, shows a clear case of Deliberate Indifference. See; Farmer vs Brennan, 511, U.S., 825, 114 S.Ct. 1970, 1984, 128 L.Ed. 2d 811 (1994).

The statue is clear in that it reads, "To demonstrate Deliberate Indifference, a plaintiff must show that 'in light of the duties assigned to specific officers or employees [or contractors], the need for more or different training or supervision is obvious, and the inadequacy so likely to result in violations of Constitutional rights." See; Preachers Fellowship vs Town of Columbia, 591 F.3d, 747, 756 (5th Cir. 2009).

In review of case precedence and legal docketing, it is clear that Fort Bend County Jail has faced multiple legal causes as a result of blatent and wanton negligence, indifference, and abuse.  That on multiple occasions, medical negligence and medical malpractice has been at the center of civil actions brought against the Sheriff and his employees, agents, and assigns.  It shall stand that "the county must cause the constitutional tort, when such injury occurs as a result of execution of a county government policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury." See: Bolton vs City of Dallas, 541 F3rd, 545, 548 (5th Cir. 2008).

In matters pertaining to Fort Bend County Jail, Fort Bend would be liable under §1983 for acts that are "directly attributabel to it 'through some offical action' or imprimatur."  It is clear by this description that Fort Bend, in supporting and contracting inexperienced, negligent, and deliberately indiffernt agents or assigns, shall maintain full and complete responsibility for injuries incurred while in its employ.  See; James vs Harris County, 577, F3rd., 612, 617 (5th Cir. 2009).

In other documented cases where patients, under the care of Correctional Care Solutions (CCS) have received improper dosage or non-prescribed formular, and specifically, in those cases where staff professionals have negligently administered Novolog in place of a less robust mixture like 70/30, the patients each suffered serious medical debilitation, and in some cases, near death.  Other documented cases of mistaken or altered formularies included replacing Lantus or Humalog with Novolog, again leading to disasterous results for the patient.

In the instant case, the actions and inactions of Fort Bend County Jail, and its agents and assigns contracted through Correctional Care Solutions (CCS) resulted in the administration of a lethal dose of the wrong formulary, thus dropping the Plaintiff's blood glucose to an unsave level.   Within moments of the injection, the Plaintiff experienced his body moving into shock, his organs beginning to shut down, his mind slipping into diabetic shock and eventual comatose-like symptoms all while demanding to see a physician or be taken to the hospital.  The Plaintiff experienced dizziness, faintness, and blurred vision as his blood-glucose levels continued to rise.  For nearly one hour, he suffered with the thought of imminent death while awaiting the medical team at the County Jail to determine that they had no 'back up' supply of saline/glucose IV.  By 4:30AM or one hour after the lethal dose was administered, the Plaintiff was convinced that he would transpire. Once finally having access to competent medical emergency care by an outside First Responder team, and after receiving the initial IV, his levels raised  by 100 points.

## ANALYSIS

It shall stand that the legal standards governing a Petition for Summary Judgment must qualify as pursuant to Rule 12(d) upon its placement before the Court in review of matters outside the pleadings and for the purpose of converting the Motion to one of Summary Judgment under Rule 56 in finding for the Plaintiff. The Honorable Court must grant Summary Judgment to the Movant if, in fact, there exists material fact relating to an established and verifiable pattern of deliberate indifference, negligence, or abuse resulting in injury. See: Fed. R. Civ. P. 56(a). The Movent may further support his Complaint by citing materials in the record, including the pleadings, affidavits, examination reports, and the diagnosis. See: Spivey vs Adaptive Mktg., LLC, 622 F.3rd 816, 822 (7th Cir.).

The existence of an "alleged" dispute is not sufficient to win Summary Judgment on behalf of the Plaintiff, however, when all such COUNTS stand with support through provable and foundational action or inaction of the Defendant(s) which ultimately establishes "causation" then the Court is obligated to move toward grant of Summary Judgment for the Movant. See: Anderson vs Liberty Lobby, Inc. 477, U.S., 242, 247, and also see: Salvadori vs Franklin School Dist., 293, F3rd.

In filing a formal Complaint under the Bivens precedence, and upon establishing a pattern of deliberate indifference of individuals who have violated the Plaintiff's Eighth Amendment Rights, one must evaluate the scope and capacity of that individual's duty of care. Personal injury caused by the deliberate indifference or neglect or wrongful act or ommission of any employee of the Government while acting within his scope of responsibility, may be evaluated under the same standards as a private person, and with the same liabilities for such damage or injury.

The standard then is to evaluate such conditions as contributing or qualifying under the standard described as "medical malpractice." The Plaintiff, in this instance, may show unequivocally that; 1). proper standards of care by which to measure the Defendant's conduct was breached; 2). a negligent breach of the standard of care existed throughout a duration of time thus leading to increased or extended damage or injury; 3). the resulting injury or damage can be directly and absolutely attributed to the Defendant's actions or inactions or lack of skill. See: Susnis ex rel. Susnis vs Radfar, 739, N.E. 2nd, 960, Illinois State Appeal.

13

A matter of foundational position in support of Summary Judgment as prescribed by and through Rule 56(c) of the Federal Rules of Civil Procedure, it shall stand as "proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Courts, therefore, are required to liberally construe a Pro-se Plaintiff's complaint. See: Haines vs Kerner, 404, U.S. 519, 520 (1972). Also see: Maclin vs Paulson, 627, F2nd, 83, 86.

In ruling on a motion for Summary Judgment, the court is to construe all such justifiable inferences in favor of the non-movant. Anderson vs Liberty Lobby, 477, U.S. 242, 255, (1986). As such, a party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires a trial. See Celotex Corp. vs Catrett, 477, U.S. 317, 324. Therefore, upon the Plaintiff providin a sound showing of "negligence" or "deliberate indifference" all leading to a more serious, and life-threatening condition resulting from receiving a lethal dose supports such grounds as to qualify for Summary Judgment and the need to move to Jury Trial.

Upon a filing under "Deliberate Indifference", the Plaintiff must show that prison officials violated his Eighth Amendment Rights by demonstrating such indifference for the safety and well-being of the incarcerated. See Estelle vs Gamble, 429, U.S. 97, 104. To succeed on such grounds, the Plaintiff must show both an objectively serious risk of harm, and a subjectively culpable state of mind. Both have been proven upon review of the neglect against foundational medical X-rays and diagnosis of worsening deformity. See Farmer vs Brennan, 511, U.S. 825, 834 (1994).

The Eighth Amendment prohibits prison and jail officials from acting with any "deliberate indifference" to a prisoner's basic, minimal needs, including; pain and suffering, to which, Plaintiff suffered more than two years above the surgical threshold with no such surgical opportunity. See Farmer vs Brennan, at 511 U.S. 825. Upon review of the prison officials "state of mind," one may address knowledge and intent to neglect. If the prison official "knows of and disregards an excessive risk to inmate's health or safety [or mobility or deformity] the official must both be aware of facts [Reports and Diagnosis of all damages] and should have drawn that there existed a substantial risk of harm to prisoner. See Gayton vs McCoy, 593, F3rd., 610, 623. (7th Cir.).

14

Petitioner, in the instant case, has suffered a violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights, and has suffered additional violation to his Eight Amendment rights resulting from such neglect and abuse of discretion in resolving his physiological needs. Such neglect and deliberate indifference shall stand as a Constitutional violation supported by and through extensive case law precedence upon civil action and damages.

Nearly all Circuits support case argument involving medical or physical neglect where staff may have abused a "zero-tolerance" policy. In the instant case, the administrative staff abused their discretion and violated all such "zero-tolerance" policies that clearly define constraint from abuse of an inmate under their custody. Where such constraint is violated, and abuse may prevail, the inmate has reasonable grounds for civil complaint and damages. Such abuse may qualify as a "fundamental rights violation", and one that may be described as a "shocks-the-conscience" analysis. In a similar case of abuse and neglect, the United States Detention Center in Colorado was obligated to damages equal to $354,070.00 plus a million dollars in punitive findings. See; <u>Hall vs Zavaras, 08-CV-00999-DME-MEH</u>.

In a case where the defendant notified prison officials of circumstances that were not safe, or where there existed a potential threat of harm, the prison then has a duty to immediately rectify and resolve the potentiality of such threat. Any deliberate indifference to such action immediately qualifies as grounds for damages upon any harm that may come to an inmate following such notification. In the instant case, there was ample notification to key administrators to notice and to resolve potential harmful circumstances, yet such deliberate indifference prevailed. On that note, the Tenth Circuit ruled on an Eighth Amendment claim where prison officials were aware yet neglected resolution, and as such, awarded damages. See; <u>Howard vs Waide, 534, F3rd., 1227, (2008)</u>.

In a similar case, staff consciously allowed a risk-potential circumstance to remain active and unattended within the prison, thus resulting in an inmate experiencing severe damages from the staff's violation of its own "zero-tolerance" policies. Such case awarded $80,000 plus punitive damages to the harmed inmate. See; <u>Cheever vs Edmark, U.S.D.C., 1:06-CR-00351-JM</u>.

Many inmate plaintiffs suffer from superficial issues that may "later" result in far more serious medical conditions if left untreated or unresolved. One such condition involves that of dental neglect. An inmate, Ernest Woods was violated his Eighth Amendment rights when his captures "repeatedly rejected" Wood's requests for dental treatment. The court determined that the institution neglected its own internal administrative appeals process which resulted in the plaintiff suffering a violation of his due process rights. The case was then settled upon damages awarded to the plaintiff (inmate). See; Ramirez vs Galaza, 334, F3rd., 850 (2003).

Even conditions that would otherwise be considered an administrative issue such as that of a "cold cell", may eventually lead to more serious or severe damage based upon the duration and intensity of the temperature, and the neglect to resolve such conditions when an inmate may be suffering under 'cruel and unusual' punishment. Wisconsin Department of Corrections was ordered by the court to settle upon Summary Judgment to the plaintiff for an undisclosed amount in damages based upon the "guards taking no action to resolve the issue." See; Jackson vs Thurmer, U.S.D.C., 2:07-CV-00919-JPS.

When an inmate complains that his medical condition may require that of a specialist or outside technician or physician in light of the fact that such condition may require the expertise that exceeds that of the prison staff, the staff then has a duty to provide such specialist, or to deliver the inmate to a facility where such specialist exists. Any neglect where a specialist would have improved a condition beyond that of the prison staff, shall stand as neglect for the inmate's Constitutional right to healthcare. Such violations shall qualify as Eighth and Fourteenth Amendment violations in accordance with the settlement imposed by the court upon the Hart County Jail for an amount of $453,000.00 that included pain and suffering and injury sustained by the inmate. See; U.S.D.C. 3:12-CV-00020-CAR, Robinson vs Integrated Detention Health Services.

In instances where the prison officials create an unsafe environment, or where an inmate is exposed to a hazard or dangerous circumstance, files a formal conmplaint or concern, and is simply ignored by staff, then there shall exist grounds for a case naming deliberate indifference. The courts awarded an inmate's estate following the Snohomish County Jail in Everett, Washington failing to address an unsafe environment which resulted in the inmate developing a debilitating and critical breathing condition that worsened over several days. All such complaints went unaddressed until such time that the inmate expired from fluid in the lungs that would have been resolved and reversed following a simple chest X-ray.

Plaintiff, in this instant case, faced serious "life threatening conditions" as a result of neglect and direlect of duty by his captures while under the care and custody of official bondage. Such care and custody requires certain duties and obligations in accordance with a prisoner's Constitutional rights, and upon being free from any condition that may be qualified as cruel and unusual punishment

In a case within the District of Columbia, an inmate suffered at the hands of his custodial caregivers when his debilitating condition was neglected for several days despite having notified guards and medical staff of such conditions. Jonathan Magbie developed breathing problems due to certain medical allergies, yet, staff neglected to treat such needs, and even denied this inmate access to basic needs such as food, water, and movement while locked in a small confined space for hours. Such acts were considered mistreatment and neglect by the court. The inmate eventually expired from said neglect when his medical condition moved from guarded to unstable to critical, all while staff stood by without care or concern. The court described the acts and actions of the facility as; "anything that could go wrong, did go wrong because no one cared." See; Scott vs District of Columbia, U.S.D.C. Case 1:05-CV-01853-RWR.

To attack issues of "qualified immunity", the court need only look to the inactions of a prison guard team to determine if they neglected their own duties and responsibilities at the time that an inmate may have been subject to harm. The Seventh Circuit denied the prison any opportunity to hide behind a ruling of qualified immunity when it was determined that several Wisconsin guards were complicit in failing to address the likelihood that an inmate was considering suicide because he was suffering from such pain, and because his pain was being neglected and ignored by staff. The court determined that the guards "knowingly and recklessly disregarded the inmate's needs." The settlement for damages was assigned at $37,500.00 upon Summary Judgment to the Plaintiff's estate following that inmate's suicide. See; Estate of Miller vs Tobiasz, 680, F3rd., 984 (2012).

Several institutions have abused discretion by placing an inmate into harm's way by neglecting their duties to safeguard the inmate from potential hazards. Such acts or inactions resulted in what court described as an "unconstitutional pattern of practices and policies" that placed the inmate into harm's way. The Third Circuit awarded Summary Judgment to the inmate as (plaintiff) and moved to award on certain damages for such neglect. See; Shelton vs Bledsoe, 775, F3rd., 554 (2015).

In cases where an inmate is suffering or in pain, or where he is experiencing cruel and unusual punishment that exceeds any formal control or constraint that might be used to contain an inmate, such abuse may immediately qualify as an Eight Amendment violation.  In cases where an inmate experiences an "intractable amount of pain" or pain that may "cominate their existence and preclude them from normal activities" then such pain shall qualify as cruel and unusual, and fall under the Eight Amendment, all such as that which was experienced within the instan civil action.  In recent case precedence, the Federal District Court for Washington awarded $120,000 plus punitive damages to an inmate for having to endure such pain and abuse as "unnecessary and wanton infliction of pain." See; Rhea vs Washington State Department of Corrections, 2:10-CV-0254-BHS-KLS.

In cases involving cruel and unusual punishment, the United States District Courts often side with the inmate where such abuse was the direct result of various neglect or deliberate indifference on behalf of the prison officials.  When the officials at Wisconsin Department of Corrections neglected the safety and well-being of the inmate resulting in an enhanced medical condition, the inmate sued under Civil Action for neglect and deliberate indifference resulting in an Order for Summary Judgment and a final settlement that remains undisclosed.  See; Konitzer vs Bartow, U.S.D.C. Wisconsin, 2:03-CV-00717-CNC.

In cases where the defendant(s) may attempt to seek "qualified immunity" under the umbrella of civil service or public entity, most Circuits now pierce that vail of protection, and rule in favor of Summary Judgment where there exists deliberate indifference that results in damage to the plaintiff.  The Sixth Circuit in 2011 ruled against the Government's attempt to hide behind qualified immunity, and moved to find for the Plaintiff (inmate) where the guards were made aware of the inmate's condition but refused to act quickly or accordingly.  See; Bishop vs Hackel, 636, F3rd., 757.

In Pennsylvania, the staff at the Westmoreland County prison refused to treat the needs of an inmate who eventually suffered at the hands of the institution when his medical needs were neglected.  He was later abused by the very guards that were complicit in failing to treat his condition.  Such settlement resulted in damages of $75,000.00 plus punitive relief in 2010.  See; Edwards vs County of Westmoreland, 2:10-CV-00799-NBF.

When an inmate is exposed to dangers, including exposure to medications, or for inmates who fall outside of the control of guards that are obligated to control and contain certain circumstances such as transfers or inclusion of one dangerous inmate into the personal space of another, the guard, and ultimately the facility has a duty and responsibility to safeguard. The Orange County Jail failed to protect one of his inmates by placing that inmate into harms way upon permitting other dangerous and threatening inmates to have access to an individual inmate, even after such threatening inmates informed the guard that they intended to attack once they have the chance. The court moved to award the injured inmate a total settlement of $3.7 Million dollars upon the facility's failure to "consciously disregard a foreseeable risk of harm." See; Ramirez vs County of Orange, 8:2007-CV-00601.

Where the guards are instrumental in arranging for a dangerous environment, or where they provide a setting for harm, then such negligence is awarded upon the complicity of the personnel who administrate. The Utah State Prison System was forced to pay damages to an inmate when staff encouraged discriminatory acts against the individual based upon his religion and his charge. See; Miranda vs Healey, 2:03-CV-1097.

Under the rules of the "Supremacy Clause" of the United States Constitution, and upon the authority of the United States Supreme Court in a May 26, 2009 ruling, provides an inmate an opportunity to bring forward a reasonable suit against his captures when he can show that such action is not frivolous or vexatious. Where such action is within the "color of law" and such complaint is supported by verifiable and observable damage, then a civil action may prevail without the luxury of immediate denial simply because the plaintiff is an inmate. The Supremacy Clause gives all individuals, inmate or civilian, an opportunity to be protected under the cloak of justice. See; Haywood vs Drown, NYSlip Op-9308 (2007).

A California federal court ruled on Summary Judgment for the inmate plaintiff upon his having complained of pain that continued to be untreated for an unreasonable period of time. Although the timeline of the pain was only several days, such pain and suffering fell under the "cruel and unusual" category or suffering. The Pelican Bay State Prison was then forced to pay damages to an inmate for such suffering because it had a duty to treat pain immediately upon becoming aware of such condition. Any delay shall qualify for Summary Judgment. See; Ashker vs Sayre, 05-03759.

In cases where a simply procedure, or the opinion of an expert in formally identifying a debilitating issue, or the order of certain diagnositc tests, all such responsibility falls squarely upon the institution which holds custody over an inmate who has no other recourse or option due to bondage. In such cases of neglect or deliberate indifference, the courts find Summary Judgment for the inmate plaintiff, and like the Lyndsey Lason death case at Snohomish County, are ordered to pay damages as high as $1.3 Million. See; Estate of Lason vs Snohomish County Jail (2014).

In cases where the ailment or suffering of an inmate is obvious to the prison staff, for instance, in cases where there is clear and concise evidence of either injury or suffering such as that of an inmate unable to respond or unable to get up on his feet, or holding a particular part of his body and acting with pain, the staff then has an immediate duty to act and respond accordingly. Any failure to act, even in instances where there may be questions of authenticity by the inmate, the courts still require the staff to act in case such observation proves to be valid. In the Minnesota Department of Corrections, staff neglected an ailing inmate for days which resulted in that inmate suffering permanent nerve damage. The issue was ignored because staff accused the inmate of "faking" his condition. Such neglect resulted in a blood clot blockage which disabled that inmate for life. The courts awarded Summary Judgment to the inmate and a settlement in the amount of $130,000.00 plus punitive damages. See; Thomas vs MN DOC and Washington County, 82-CV-13-3992.

When prison staff administer a wrong medication, such as that of the instant case where prison staff failed to properly review or evaluate their actions with drugs, the courts have often held Summary Judgment for the plaintiff (inmate), and especially in cases where there exists damages that result from such neglect. The Michigan Lenawee County Jail neglected the pleas of an inmate who complained of severe abdominal pain. In the 2015 case, the prison relied upon untrained guards to evaluate and even treat medical conditions, all standing as an infraction of a prisoner's right to trained and expert medical staff. The staff went as far as to permit the inmate to depart from the jail itself, and on his own reconnaissance to see a medical specialist after he was misdiagnosed by staff. Such neglect that is followed by avoidance to treat shall stand as a violation. See; Borck vs County of Lenawee, 07-CV-14124.

OFFICIAL DEMAND FOR DAMAGES

**IT SHALL BE THE DEMAND OF THIS PLAINTIFF THAT;**

A formal Demand for Damages shall be assigned to the Defendant(s) as, jointly and severly, anf for acts associated with Medical Negligence, Malpractice, Malfeasance, Misfeasance, Deliberate Indifference, and Cruel and Unusual Punishment, and as failing to meet a standard of medical care in accordance with standards and practices of the medical community, to which, such negligence and indifference has resulted in significant Damages that shall include, but are not limited to; severe dizziness, aches, pain, lethargy, profuse sweating, digestive problems, headaches, blurred vision, tunnel vision, vertigo, and also; anxiety, stress, depression, sleep deprivation, night sweats, fear of medical care, paranoia, nightmares, and Post Traumatic Stres Disorder (PTSD).

**WHEREUPON,** such Damages shall include;

**COMPENSATORY DAMAGES:**
Damages demanded under Compensatory shall be assigned an amount equal to:
ONE MILLION, FIVE HUNDRED THOUSAND DOLLARS.....($1,500,000.00)

AND,

**PUNITIVE DAMAGES:**
Damages demanded under Punitive shall be assigned an amount equal to:
ONE MILLION, FIVE HUNDRED THOUSAND DOLLARS.....($1,500,000.00)

AND,

**LEGAL COSTS:**
Costs demanded shall include, but shall not be limited to; Court Costs, Legal Fees, Filing Fees, Travel and Expenses, and all other administrative costs.

MAY THIS HONORABLE COURT FIND THAT;

SUMMARY JUDGEMENT IS AWARDED TO PLAINTIFF,

Whereupon, the court's review of all such conditions and actions presented for review and adjudication in determining that such cause shall stand as worthy to proceed before a jury of peers in the Plaintiff seeking certain DAMAGES for acts of Deliberate Indifference/negligence,    with regard to a reasonable standard of care and health-related support, and specifically, proper medication, whereupon Damages ensued that may be evaluated through a Civil Proceeding in determination of such cause, to which, this court shall find that the complaint brought before this bench shall merit grounds to proceed to Jury Trial under ruling of Summary Judgement awarded to the named Plaintiff in this Civil Action......SO SHALL IT BE PRAYED.

DATE EXECUTED: _____,

SO SHALL IT BE ORDERED: x _____
                          THE HONORABLE JUDGE, PRESIDING

COMPLIANCE WITH STATUTE OF LIMITATIONS

**MAY THIS HONORABLE COURT TAKE NOTICE THAT;**

It shall stand that there exists a limited and finite period of time in which to file, under official standing, a Complaint in civil procedure, all as determined through the Fed R. Civ. Proc. prescribing Compliance with Statute of Limitations upon an instant action under §1983.  See; Sellars vs Perry, 80, F3rd, 243, 245. 7th.

That such term of limitation shall stand at Two (2) years from the time that an injury or damage has been sustained, unless, such injury or damage remains as part of a care contuum, whereupon, continued injury may "reset" the start date for such statute with each action, diagnosis, or treatment.  Under State of Illinois law, a firm Two (2) year statute remains for personal injury claims, and that such continuum conditional shall apply as treatment continues.  See: Kelly vs City of Chicago, 4 F3rd, 509, 511 (7th Cir.).

In the instant case, a determined and exact date has been substantiated for "discovery" of sustained injury and damage, however, such treatment has continued for the Plaintiff beyond this determined date (tolling).  Under the Federal Statute for Section §1983, a claim may continue to accrue under the doctrine of continuing violation, all as a condition named in cases describing deliberate indifference.

Unider such Doctrine; "[E]very day that they prolonged agony by not treating the painful condition marked as fresh infliction of punishment that caused the statute of limitations to start running anew.  As such, a series of wrongful acts creates a series of claims." See Heard vs Sheahan. 253. F3rd, 316 (at 318).

Therefore, under the doctrine of continuing violation; "[D]eliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate (Plaintiff) is released." See; Jervis vs Mitchell, 258, Fed.Appx. 3, 5.

Such continuum of care includes a premise in which a Defendant holds the "power to do something" about a condition yet continues to neglect, ignore, or show indifference to the inmate (Plaintiff) with each request for treatment or pain management.  Under the continuing violation doctrine, it is the Plaintiff that holds the power to determine when the statute of limitations begins to run against himself.

MAY THIS HONORABLE COURT CONSIDER EXPERT TESTIMONY AS FOLLOWS;


It shall stand that this Civil Complaint and its standing at bar shall adhere to legal theories and medical standards as required in the formal determination of Deliberate Indifference, Neglect or Care, and the presentment of medical Malpractice. That, in accordance with the Federal Codes and Statutes as prescribed upon Deliberate Indifference, in satisfying the Federal Rules of Civil Procedure, a Certificate of Merit drafted under Affidavit by a licensed and Board Certified medical pratitioner, shall be placed before this Honorable Court for review and adjudication to move toward GRANT of Summary Judgment to the Plaintiff and named injured party to this cause. That such expert testimony in support of the Plaintiff and upon said medical expert's review of the official medical standing and record, this court may further appreciate the gravity and significance of the resultant injuries sustained, and extend credence to this expert's evaluation of proper and appropriate Standards and Practices of a medical professional acting in a similar capacity and treatment within the State of Texas, and upon federal statutes which govern medical negligence and deliberate indifference within the definition prescribed.


UPON REQUEST: CERTIFICATE OF MERIT  /  EXPERT TESTIMONY IN AFFIDAVIT

PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(i)(3):

It shall be hereby ORDERED that the named Defendant(s), herein as; United States of America, Department of Justice, Federal Bureau of Prisons, County of Fort Bend shall "notified under FORM 5 as Notice of Lawsuit and Request to Waive Service of Summons, and FORM 6 as Waiver of Service of Summons." And that the Clerk be DIRECTED to mail these forms, an official copy of the Complaint, this executed instrument and all relevant attachments to each individual Defendant at their place of employment as identified by Plaintiff.

If said Defendant(s) fail to sign and return Waiver of Service of Summons a Form 6 within 30 days from the date these forms were forwarded, the Clerk shall take appropriate steps to effect formal service on those Defendant(s), and further, the Court will require that Defendant(s) each pay the full cost of service as prescribed under the authority of the Fed Rules of Civ Proc.

AS ORDERED BY AND THROUGH THE MAGISTRATE JUDGE: x _____
                                                Official Signature, The Honorable
                                                Judge, Presiding

NAMED PARTIES TO THIS CAUSE

LET THIS HONORABLE COURT TAKE NOTE OF PARTIES:

**PLAINTIFF:**

Glenn Casey Portwood
Federal Identification: 64653-379
Federal Correctional Institution
P.O. Box 9000
Seagoville, Texas   75159

**DEFENDANTS:**

State of Texas
Office of Attorney General
P.O. Box 12548
Austin, Texas 78711

County of Fort Bend
301 Jackson Street
Richmond, Texas 77469

Troy Nehls, Sheriff
Fort Bend County Jail
1410 Richmond Parkway (Williams Way Blvd)
Richmond, Texas   77469

Nurse Damer
Fort Bend County Jail
1410 Richmond Parkway (Williams Way Blvd)
Richmond, Texas   77469

Dr. Kahn
Fort Bend County Jail
1410 Richmond Parkway (Williams Way Blvd)
Richmond, Texas 77469

Correctional Care Solutions (CCS)
In Care Of: Fort Bend County Jail
1410 Richmond Parkway (Williams Way Blvd)
Richmond, Texas 77469

LET THIS HONORABLE COURT TAKE NOTICE THAT;

                                                   I, Glenn Casey Portwood, named
as Plaintiff, and hereby declare and decree that, the named addressee as
"Respondent" has been served a full and complete copy of this formal Petition,
and that such copy has been placed with the United States Postal Service via
First Class Mail through the prison mail depository whereupon such parcel has
been verified, documented, and deposited as timely, all under official Mailbox
Rule, and in accordance with Process of Service upon the Plaintiff (Respondent).


FORWARDED TO:

State of Texas

County of Fort Bend

Troy Nehls, Sheriff

Nurse Daman

Dr. Kahn

Correctional Care Solutions

DATE: 10/08/2019

BY: x _____

WITH MY HAND AND SEAL, I PROCLAIM THAT;

I, Plaintiff to this cause, hereby declare and decree, under penalty of perjury, that the proceeding and aforementioned Civil Action shall stand as true and correct to the best of my knowledge and belief, and in witness herein, knowing the laws prescribed under bearing of false statements before my creator and fellow-man, that I shall place this formal and official filing as a COMPLAINT for review and adjudication thereof, and that I shall provide such facts under the formal authority of umberrima fidae, in good standing and with proper and appropriate intention, and in accordance with judicial procedure as prescribed by and through Title 28 U.S.C. Section §1746 as unsworn declaration in accordance with Section(s) §1731-1960 et. seq.,

ON THIS ___8th___ DAY, IN THE MONTH OF _OCTOBER_, 2019 anno domini

FURTHER AFFIAN SAYETH NAUGHT:

X _____

GLENN CASEY PORTWOOD, PLAINTIFF
Federal Identification: 64653-379
Federal Correctional Institution
P.O. Box 9000
Seagoville, Texas 75159

FOREVER USA    FOREVER USA

NORTH TEXAS P&DC
DALLAS TX 750
FRI 11 OCT 2018
AF5M 2/1 23:28:48

GLENN CASEY FORTWOOD
#06463-379
FEDERAL CORRECTIONAL INSTITUTION

P.O. Box 9000
SEAGOVILLE, TX. 75159-9000



RECEIVED-1

OCT 1 7 2019

MAILROOM

DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
1100 COMMERCE STREET
DALLAS, TX. 75242



Mail Room

10-10-19  11:55 AM

Legal Mail ✳